Gore *v.* Poteet.

## GORE *v.* POTEET.

*(Nashville.* January 7, 1899.)

JUDGMENT. *Assignor's liability.*

The assignor of a judgment is not liable to his assignee for the consideration paid when the judgment is subsequently reversed, especially if the assignee contracted to assume all risks of collection.

Cases cited: Simpson *v.* Moulden, 3 Cold., 429; Kirkpatrick *v.* McCullough, 3 Hum., 171; Whitman *v.* Childress, 6 Hum., 303; Wolfe *v.* Tyler, 1 Heis., 313; Lawrence *v.* Dougherty, 5 Yer., 434.

---

FROM JACKSON.

---

Appeal from Chancery Court of Jackson County. T. J. FISHER, Ch.

G. B. MURRAY and J. T. ANDERSON for Anderson.

J. H. McMILLIN for Gore.

McALISTER, J. The question presented upon this record is whether William Gore is liable to J. T. Anderson for the amount of a judgment assigned by the former to the latter. The defense interposed by Gore is that, at the time he assigned the judgment to Anderson, it was expressly stipulated and agreed that it should be without recourse.

The facts briefly are, viz.: That William Gore, as an heir of M. Gore, deceased, was interested with others in the latter's estate. In March, 1892,

one M. L. Gore filed a bill in the Chancery Court
of Jackson County against William Gore and the
other heirs of M. Gore, seeking to recover com-
pensation for services rendered in looking after their
interests in the estate. In that proceeding it was
adjudged that M. L. Gore was not entitled to com-
pensation, but was indebted to the heirs of M. Gore
for moneys collected by him. It was decreed that
M. L. Gore was indebted to William Gore, among
others, in the sum of $369. M. L. Gore appealed
from that decree to this Court. This Court re-
versed the decree of the Chancellor, and held that
M. L. Gore was entitled to compensation from said
heirs. It was decreed that M. L. Gore was enti-
tled to hold all funds in his hands belonging to the
heirs, and amounting to about $2,000, as compensa-
tion for his services as agent. This decree, of
course, annulled the decree in favor of William
Gore against M. L. Gore for $369, and which had
been assigned by William Gore to Anderson. The
assignment was made immediately after the decree
was rendered against M. L. Gore by the Chancery
Court of Jackson County. Anderson paid William
Gore $240 in cash for the decree and gave him
credit for a fee of $50. When this Court reversed
that decree and held that M. L. Gore was not in-
debted to the heirs, but they were indebted to him,
Anderson filed a petition in the cause, seeking a
satisfaction of his decree out of any funds in the
Court arising from the estate of M. Gore and due

17 P—39

William Gore. William Gore, the assignor of the decree, resisted the relief sought in the petition of Anderson, upon the ground that when the decree was assigned it was distinctly agreed that Anderson should take the claim at his own risk, and that Gore was not in any event to be liable to Anderson for any sum in connection with, or growing out of, his transfer of the decree.

The assignment of a chose in action, such as a bond or judgment, does not imply a warranty that it will be paid, and the assignor will not be liable to the assignee, on default of the debtor, unless he has rendered himself liable by an express contract or has been guilty of fraud. 2 Am. & Eng. Enc. Law, 1091; *Mohler's Appeal*, 5 Pa. St., 418 (S. C., 47 Am. Dec., 413); *Jackson* v. *Crawford*, 12 S. & R. (Pa.), 165; 14 S. & R. (Pa.), 290.

The assignor of a judgment is not liable to refund the consideration paid, upon the insolvency of the obligor, unless he has expressly agreed to do so. *Robinson* v. *White*, 4 Litt. (Ky.), 237; *Anderson* v. *Bradford*, 5 J. J. Marsh. (Ky.), 69. Where a judgment was assigned with an understanding that, when obtained, it was to be collected at the risk and expense of the assignee, and he failed to recover, it was held there was no breach of the agreement, or failure of consideration, so as to entitle the assignee to recover from the assignor. *Underwood* v. *Morgan*, 11 Johnson (N. Y.), 425.

So in our State, the indorser of a paper not

negotiable by the law merchant is not liable to the holder, except when he specially contracts to be so, or for fraud in the transfer. The effect of the assignment of unnegotiable paper is to divest the legal property or interest out of the holder and vest it in the assignee. *Simpson* v. *Moulden*, 3 Cold., 429; *Kirkpatrick* v. *McCullough*, 3 Hum., 171; *Whitman* v. *Childress*, 6 Hum., 303; *Wolfe* v. *Tyler*, 1 Heis., 313; *Lawrence* v. *Dougherty*, 5 Yer., 434.

In the case now being adjudged, the Court of Chancery Appeals find that Anderson purchased this decree from William Gore at a discount of twenty per cent., and took a transfer of it, agreeing that William Gore was in no event to be in any way liable on his assignment. So that, independent of the general rule of law on this subject, the finding of the Court of Chancery Appeals is conclusive against the right of Anderson to subject money due Gore to the payment of this claim, or in any way to hold him liable. It is wholly immaterial that William Gore may have received the benefit of this decree in the payment of his pro rata of the compensation due M. L. Gore for services rendered the heirs of M. Gore. As stated by the Court of Chancery Appeals, Anderson purchased the decree, agreeing to run the risk, or, rather, take the chances that M. L. Gore would have to pay it, instead of having it appropriated in payment of his compensation.

Affirmed.